# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| TAWANA T. JOHNSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 2:25-cv-02545-SHL-atc |
| ) | |
| SUPERINTENDENT MRS. WRENN, ) | |
| et al., ) | |
| ) | |
| Respondents. ) | |

## ORDER TRANSFERRING CASE PURSUANT TO 28 U.S.C. § 1406(a)

On May 28, 2025, Petitioner filed a pro se Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. (ECF No. 1.) Petitioner seeks "immediate release" from confinement in Greenwood, Mississippi. (Id. at PageID 1.) Because this Court is not the proper venue for Petitioner's habeas claim, it is **ORDERED** that the Clerk transfer this case to the Greenville Division of the United States District Court for the Northern District of Mississippi.

Federal district courts may only grant writs of habeas corpus "within their respective jurisdictions." 28 U.S.C. § 2241(a). The proper venue for a § 2241 petition is the judicial district in which the petitioner is confined or her custodian is located. See Rumsfeld v. Padilla, 542 U.S. 426, 434–35, 447 (2004) ("Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement."); Braden v. 30th Judicial Circuit Ct. of Ky., 410 U.S. 484, 494–95 (1973) ("The writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody.").

Petitioner is not confined within the jurisdiction of this Court. Rather, Petitioner is in the custody of the Mississippi Department of Corrections and is presently confined at the Delta Correctional Facility in Greenwood, Mississippi, which is located in Leflore County. (See ECF No. 1 at PageID 2.) This Court does not have jurisdiction over the warden of the Delta Correctional Facility. The § 2241 Petition should have been filed in the Greenville Division of the United States District Court for the Northern District of Mississippi. See 28 U.S.C. § 104(a)(3).

Thus, it is **ORDERED**, pursuant to 28 U.S.C. § 1406(a),[1] that the Clerk of Court transfer this case to the United States District Court for the Northern District of Mississippi, Greenville Division. Petitioner has not paid the $5.00 habeas filing fee required by 28 U.S.C. § 1914(a) or submitted an application to proceed in forma pauperis with a certified copy of her inmate trust fund account statement. The matter of the filing fee will be left for the receiving court.

The Clerk is **DIRECTED** to close this case without entry of judgment. The Clerk is further **DIRECTED** not to file any documents in this closed case. Any documents received from Petitioner should be forwarded to the Northern District of Mississippi or returned to Petitioner, as appropriate.

**IT IS SO ORDERED**, this 2nd day of June, 2025.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).